## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC WASHINGTON, JR., | : | MOTION TO VACATE |
| BOP Reg. No. 72410019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | :: | CRIMINAL ACTION NO. |
|   v. | : | 1:19-CR-0145-WMR-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:22-CV-0889-WMR-JCF |

## **FINAL REPORT AND RECOMMENDATION**

Movant Eric Washington, Jr., a federal prisoner currently confined at the United States Penitentiary, McCreary in Pine Knot, Kentucky, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his 2021 guilty plea conviction and sentence in this Court for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 98 at 1.) The matter is before the Court on the § 2255 motion and the government's response. For the reasons stated below, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED and that no certificate of appealability issue**.

## I.  PROCEDURAL HISTORY

On April 16, 2019, a federal grand jury returned a three-count indictment against Movant charging him with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2 ("Count 1"), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 3").  (Doc. 1 at 1-2; doc. 26 at 1-2.)  Ultimately, Movant pled guilty to the § 924(c) offense in Count 2 pursuant to a negotiated plea agreement.  (See docs. 89, 89-1.)

At the change-of-plea hearing, the government testified that it would have presented evidence at trial that, on December 19, 2018, a Cobb County officer responded to a complaint of marijuana odor emanating from the apartment the Movant shared with his then girlfriend.  (Doc. 100 at 17-18.)  Movant was serving a sentence at the Fulton County Jail and was not present.  (Id. at 18.)

The officer obtained a warrant and searched the apartment, revealing, among other things, a safe in Movant's bedroom closet.  (Id.)  Movant's girlfriend did not have a key to the safe and officers broke it open.  (Id.)  The safe contained a stolen .40 caliber semiautomatic pistol, six baggies of marijuana totaling 45 grams in

weight, packed for distribution, and tax and banking documents that bore only Movant's name.  (Id. at 18-19.)  The closet also contained two scales and a box of plastic baggies.  (Id. at 19.)  Movant testified that he agreed with the factual basis and that he was in fact guilty of the § 924(c) offense in Count 2.  (Id. at 20.)  The District Judge accepted Movant's plea and adjudged him guilty of the § 924(c) offense charged in Count 2.  (Id. at 31-32.)

On October 1, 2021, the District Judge sentenced Movant to 100 months' imprisonment to be followed by five years' supervised release.  (Doc. 97 at 1.)  The instant § 2255 motion followed.

## II.   28 U.S.C. § 2255 MOTION

### A.   Ground 1

In Ground 1, Movant asserts in a single sentence that his counsel was ineffective because counsel "did not present the facts of [his] case."  (Doc. 98 at 4.)

The government responds that Ground 1 is conclusory and does not state a viable ineffective-assistance claim.  (Doc. 102 at 10-11.)

A petitioner is not entitled to federal habeas relief "when his claims are merely conclusory allegations unsupported by specifics."  Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).   Similarly, bare, conclusory allegations of ineffective

3

assistance of counsel are insufficient to satisfy the <u>Strickland</u>[1] test.  <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992).

Here, Movant pleads his ineffective assistance claim in a single sentence and does not specify at any point what "facts" counsel failed to present, how counsel's performance fell below an objective standard of reasonableness, or how he was prejudiced thereby.  This claim is wholly conclusory and does not warrant relief.  <u>See Tejada</u>, 941 F.2d at 1559; <u>Wilson</u>, 962 F.3d at 998.

## B.    Grounds 2-4

In Ground 2, Movant alleges that there was no federal nexus for the offense of conviction because the firearm at issue was manufactured in Georgia.  (Doc. 98 at 5.) In Ground 3, Movant contends that his conviction resulted from an illegal search in violation of the Fourth Amendment.  (<u>Id.</u> at 7.)  In Ground 4, Movant contends that he received an above-guideline sentence where the guideline range was 60 months imprisonment.  (<u>Id.</u> at 8.)

---

[1] <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (holding that, to succeed on a claim of ineffective assistance of counsel, a movant must show that (1) his counsel's performance was deficient, and (2) he was prejudiced by this deficiency).

The government responds that these grounds are procedurally barred because Movant did not raise them on direct appeal, are barred by the collateral attack waiver in Movant's plea agreement, and are without merit.  (Doc. 102 at 11-17.)

"[C]ollateral review is not a substitute for a direct appeal . . . ."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless a movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error."  Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004).  "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented him or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to his own conduct."  Lynn, 365 F.3d at 1235.  To demonstrate actual prejudice, a movant must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Reese v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) (quotation marks omitted).  As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome procedural default if "a constitutional violation has

5

probably resulted in the conviction of one who is actually innocent." Lynn, 365 F.3d at 1234-35 (quotation marks omitted).

Here, Movant's Grounds 2-4 are procedurally defaulted because he failed to raise them on direct appeal. See Black, 373 F.3d at 1142. Movant does not allege cause and prejudice to overcome the default nor has he shown his actual innocence.[2] Movant's waiver of his appellate rights pursuant to the appeal waiver provision in the plea agreement is not cause for excusing his procedural default.[3] See Giddens v. United States, No. 7:10-cr-00028-HL-TQL, 2012 WL 6628411, at *2 (M.D. Ga. Nov. 28, 2012) (collecting cases) (Report and Recommendation [142] adopted by Order [145]). Because movant chose to waive his appellate rights, he cannot establish that

---

[2] To the extent that Movant asserts in his separate "supplement" that he is actually innocent of the § 924(c) offense because he did not "use" the firearm in furtherance of any drug trafficking crime, this contention is addressed below.

[3] Alternatively, Grounds 2-4 are barred by the valid and enforceable collateral attack waiver contained in Movant's plea agreement. See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (explaining that a collateral attack waiver will be enforced where the record makes clear that the defendant understood the full significance of the waiver). Here, the government read the waiver provision verbatim into the record at the change-of-plea hearing, and Movant testified that that he understood the plea agreement and that he had entered into it voluntarily. (Doc. 100 at 11-13.) Movant's Grounds 2-4 do not implicate any of exceptions to the waiver provision. (See doc. 89-1 at 10-11.)

6

a factor external to the defense and not attributable to his own conduct precluded his obtaining appellate review.  See id.; Lynn, 365 F.3d at 1235.  As a result, Grounds 2-4 are procedurally defaulted and do not warrant relief.

### C.  Supplemental Grounds

After the government filed its response, Movant filed a "supplement" seeking to raise an additional claim that his conviction must be vacated in light of United States v. Davis, 139 S.Ct. 2319 (2019), because the statute of conviction is unconstitutionally vague.  (Doc. 103 at 1-3.)  Movant argues that his conduct of storing a firearm in a safe with marijuana did not satisfy the "use" of a firearm element of § 924(c), which requires "active employment" of the firearm, and that the "drug trafficking crime" element effectively held him responsible for the marijuana distribution offense in Count 1 which was dismissed pursuant to the plea agreement. (See id.)  Accordingly, Movant argues that his § 924(c) conviction criminalized innocent conduct and is unconstitutional as applied to him.  (See id.)  Movant also apparently argues that Rule 11 error occurred because he was never informed of these "hidden elements" prior to his guilty plea.  (See id.)

For the reasons discussed in Part B, *supra*, these grounds are procedurally barred because they were not raised on direct appeal and are barred by the collateral

7

attack waiver in Movant's plea agreement.  See Black, 373 F.3d at 1142; Bushert, 997 F.2d at 1351.  In any event, Movant's supplemental grounds are without merit. In Davis, the Supreme Court held that the definition of "crime of violence" in § 924(c)(3)(B)'s "residual clause" was unconstitutionally vague.  Davis, 139 S. Ct. at 2324-25, 2336.  Critically, however, nothing in Davis called into question § 924(c)(2)'s definition of a "drug trafficking crime," and Davis has no effect on Movant's conviction for possessing a firearm in furtherance of a drug trafficking crime.  See id.  Movant's contentions that he was not accurately informed of the elements of the offense of conviction are belied the record.  The plea court conducted a thorough plea colloquy during which the attorney for the government summarized the essential elements as "[f]irst, the defendant committed the drug trafficking crime that is charged in Count 1; and, second, that the defendant knowingly possessed a firearm in furtherance of that crime."  (Doc. 100 at 16.)  The Court specifically reiterated both elements, including that the firearm possession must be "in furtherance of" the drug trafficking crime, and Movant testified that he understood. (Id. at 16-17); see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

Moreover, contrary to Movant's arguments, the Eleventh Circuit repeatedly has held that the recovery of firearms in close proximity to drugs supports a nexus between the firearms and the drug trafficking crime sufficient to sustain a § 924(c) conviction. See, e.g., United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006) ("The nexus between the gun and the drug operation can be established by … proximity to the drugs or drug profits[.]") (quotation and alterations omitted); United States v. Louisis, 294 F. App'x 573, 577 (11th Cir. 2008) (per curiam) ("[T]he recovery of the firearms in close proximity to drugs show a nexus between the possession and the drug trafficking offense."). These grounds do not warrant relief.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the

9

[motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Because reasonable jurists would not debate the resolution of the issues presented, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.  See id.  If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

## IV.   **CONCLUSION**

For the reasons stated above, **IT IS RECOMMENDED** that the 28 U.S.C. § 2255 motion [98] be **DENIED**, and that no certificate of appealability issue.

**SO RECOMMENDED**, this 11th day of August, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

10