# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC WASHINGTON, JR., <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CRIMINAL ACTION NO. <br> 1:19-cr-0145-WMR <br><br><br> CIVIL ACTION NO. <br> 1:22-cv-0889-WMR |

## ORDER

This matter is before the Court for consideration of the Final Report and Recommendation, (R&R) [Doc. 106], wherein the Magistrate Judge recommends that Movant Eric Washington, Jr.'s, 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, [Doc. 98] be denied. Movant has filed what he styles as an "Amended-Motion Title 28 U.S.C. § 2255 Vacate, Set Aside Sentence." [Doc. 108]. However, Movant did not offer a proposed amendment in that document, and his arguments therein clearly demonstrate that he intended it to be his objections to the R&R.

**Background**

On April 8, 2021, Movant entered a negotiated guilty plea to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(1)(A). [Doc. 89].[1]  On October 1, 2021, this Court sentenced Movant to 100 months of incarceration to be followed by five years of supervised release. [Doc. 97].

Movant did not appeal but filed the instant § 2255 motion. After requiring a response from the Government, the Magistrate Judge reviewed the parties' arguments and determined that (1) Movant's Ground 1 claim of ineffective assistance failed because it was entirely conclusory, (2) his Grounds 2-4 are procedurally defaulted and barred under the collateral-attack waiver that Movant entered as part of the plea agreement, and (3) the supplemental grounds Petitioner raised are likewise procedurally defaulted, and those claims also fail because, contrary to Movant's contentions, the fairly recent Supreme Court opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019), does not apply to his conviction.

**Legal Standard**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must

---

[1] During a search of Movant's home pursuant to a search warrant, police discovered a handgun in a safe which also contained marijuana packaged for distribution. [Doc. 100 at 18].

2

specifically identify those findings objected to. Frivolous, conclusory or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

**Discussion**

Movant's objections are not particularly clear. As this Court can best determine—and ignoring his entirely conclusory assertions—Movant first appears to repeat his supplemental ground that his conviction under § 924(c)(1)(A) is invalid because the statute is vague as determined in *Davis*. Movant further contends that the Government could not demonstrate the federal nexus requirement under § 924(c)(1)(A) because the gun he possessed was manufactured in Georgia. Movant also asserts that his trial counsel did not fully inform him that his § 924(c)(1)(A) conviction required the Government to prove that he possessed the firearm in furtherance of his distribution of marijuana, and the fact that he merely possessed the gun as well as marijuana is not enough to establish that he violated § 924(c)(1)(A).

At the outset, this Court points out that "a guilty plea waives all non jurisdictional challenges to a conviction." *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008). A defendant who enters a guilty plea can only attack the "voluntary and knowing nature of the plea." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008). At the plea hearing, this Court specifically found that

Movant was competent to understand the proceedings, and that his decision to plead guilty was free of coercive influence of any kind with full knowledge of the charges against him and the consequences of his plea. [Doc. 100 at 31-32]. Movant also expressly admitted that he had committed the crimes as described by the Government, including that he possessed the gun in furtherance of a drug trafficking crime. *Id.* at 20. Accordingly, his contentions regarding the federal nexus requirement and the nature of his possession of the gun must fail.

The Supreme Court's *Davis* opinion invalidated the residual clause of the statutory definition of a "crime of violence" under § 924(c)(3)(b). *See Davis*, 139 S. Ct. at 2323-24, 2336. Movant was convicted, however, under § 924(c)(1)(A) for possession of a firearm in furtherance of a drug-trafficking crime, not a crime of violence. Thus, *Davis* has no application to his conviction, and Movant's assertion that he is entitled to relief under *Davis* likewise fails.

As to his federal nexus claim, Movant admitted at his plea hearing that the gun he possessed was not manufactured in Georgia, [Doc. 100 at 19, 20], and other than now claiming that the gun was manufactured in Georgia, he has not presented any evidence that might tend to prove it.[2] Movant's contention that the federal nexus requirement means that he, himself, has to carry the gun over a state line, [Doc. 108 at 5], is simply false. Finally, Movant's rather oblique contention that his plea was

---

[2] In any event, Movant states in his objections that the gun was "shipped to Alabama for distribution and reported stolen in 2013," [Doc. 108 at 2], which certainly satisfies the requirement that the gun moved in interstate commerce.

not knowing and voluntary because he did not understand what the Government would have to prove to convict him is clearly belied by the record.

**Conclusion**

Having reviewed the record, this Court concludes that the Magistrate Judge is correct that Movant has not shown that he is entitled to relief. Accordingly, the R&R, [Doc. 106], is **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 98], is **DENIED**. The Court further agrees that Movant has not made the showing required under 28 U.S.C. §2253(c)(2), and a Certificate of Appealability is **DENIED**. The document that the Clerk docketed as Movant's amended motion to vacate, [Doc. 108], which is not a motion but Movant's objections, is **DENIED** and/or **OVERRULED**. The Clerk is **DIRECTED** to close Civil Action No. 1:22-cv-0889-WMR.

**IT IS SO ORDERED**, this 13th day of November, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE